FILED
2014 Jul-08 PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RAGAN T. LIVINGSTON and MITCH LIVINGSTON, | ) ) ) | |
| Plaintiffs; | ) ) | 2:11-cv-1369-LSC |
| vs. | ) ) ) | |
| MARION BANK AND TRUST CO. and CONRAD TAYLOR, | ) ) ) | |
| Defendants. | ) | |

ORDER

In this action, Plaintiffs Ragan Livingston ("Ragan") and her husband Mitch Livingston assert claims against Marion Bank and Trust Co. and its president, Conrad Taylor ("Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and Alabama state law. The Magistrate Judge entered a report and recommendation recommending that Defendants' motion for summary judgment (doc. 44) be granted in part and denied in part. (Doc. 56.) No objections were filed. The Court has considered the entire file in this action, including the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and accepted.

The Court does note that as to Ragan's claim in Count 3 of the complaint for "gender discrimination" against defendant Marion Bank and Trust Co. ("the bank"), the Magistrate Judge recommended granting summary judgment in favor of the bank on this claim because Ragan offered no response to the bank's argument that it is entitled to summary judgment, so she has abandoned the claim. That may be true, but this Court is also required to consider the merits of the bank's argument. *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101-02 (11th Cir. 2004) (Because "the district court cannot base the entry of summary judgment on the mere fact that it is unopposed, it must consider the merits of the motion."); James Wm. Moore et al., Moore's Federal Practice, § 56.99[b] (3d ed. 1997) (The court "may neither grant nor deny summary judgment by default."); Fed. R. Civ. P. 56 advisory committee's note ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion, much less when an attempted response fails to comply with Rule 56(c) requirements.").

Ragan's gender discrimination claim is based on alleged differences in her "work environment, training, promotion, job assignments, job pay, and terms and conditions of employment." (Complaint at ¶ 35.) The Court has reviewed the record and agrees with Defendants that it contains no evidence regarding gender-based

disparate treatment with respect to Ragan's training, promotion, job assignments, and job pay. Ragan was replaced by another female employee, Angela Holifield. (Taylor dep. 62:16-22). As such, summary judgment is due to be granted as to the bank on this claim.

Accordingly, the Court finds that the magistrate judge's report and recommendation is ADOPTED and ACCEPTED. Defendants' motion for summary judgment (doc. 44) is hereby GRANTED IN PART AND DENIED IN PART. The motion is granted as it relates to the following: (1) all Title VII claims against defendant, Conrad Taylor, individually; (2) Title VII claims against the bank for "gender discrimination" other than for creation of a hostile work environment; (3) state-law claims in Count 5 for negligent or wanton hiring, supervision, training, and retention; and (4) state-law claims in Count 9 for breach of implied contract. Those claims are hereby DISMISSED WITH PREJUDICE. Defendants' motion for summary judgment is otherwise denied.

Done this 8th day of July 2014.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]